[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 9, 1994 Date of Application: January 9, 1994 Date Application Filed: February 4, 1994[1]
Date of Decision: May 23, 1995
Application for review of sentence imposed by the Superior Court, G.A. 2 at Bridgeport.
Docket No. CR93-82724; CT Page 6948
Linda Denholtz, Esq. For the Petitioner.
Brian Kennedy, Esq. For the State of Connecticut.
BY THE DIVISION
After trial by jury, petitioner was convicted of the offense of sale of narcotics by a non-drug dependent person in violation of General Statutes § 21a-278(b).
As a result of this conviction, a sentence of twelve years execution suspended after ten years with three years probation was imposed. This sentence was to be served consecutive to a sentence which petitioner was then serving.
The facts underlying petitioner's conviction indicate that on January 4, 1993, Bridgeport police established a narcotics surveillance in the area near buildings four and five at Father Panick Village. They observed petitioner conduct a suspected drug sale with the operator of a motor vehicle. After watching a second similar transaction, the officers converged on the scene and placed petitioner under arrest. The narcotics buyers were also apprehended.
Petitioner's attorney requested a reduction in sentence. The attorney stressed petitioner's good points mentioning that he was a high school graduate and an above-average student who had served in the Marine Corps. The attorney also pointed out that petitioner was from a good family which was supporting him at the present time. The attorney further stated that petitioner had a minor criminal record but a good work record, and that he had been caught up in the drug culture existing in the city.
It was argued that the sentence imposed punished petitioner for taking the case to trial. Speaking on his own behalf, petitioner stressed his innocence of the charges and stated that the sentence was not fair. CT Page 6949
The state's attorney argued against any reduction in sentence. He pointed out petitioner's prior criminal record and stressed the fact that petitioner was on probation at the time of this offense. The state's attorney also pointed out that the offense for which petitioner was convicted had a minimum mandatory sentence of five years and a maximum sentence of 20 years. The sentence imposed-here was well under the maximum. Under the circumstances, I the attorney argued that the sentence was reasonable and should not be reduced.
In imposing sentence, the court gave full credit to petitioner for his good work record. The court, however, noted petitioner's prior criminal record and was particularly concerned about the fact that this offense was committed while petitioner was on probation for the same type of offense.
It was entirely appropriate for the sentencing judge to consider petitioner's prior criminal record and his progress while on probation. These factors bear strongly on the rehabilitative capability of petitioner. Considering all of these factors, including the character of petitioner and the need to protect the public and deter petitioner from future criminal activity, it cannot be found that the sentence was inappropriate or disproportionate.
The sentence should not be modified. Connecticut Practice Book § 942. Sentence affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.